STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-033

COASTAL REALTY CAPITAL, LLC )
d/b/a MAINE CAPITAL GROUP, )
)
Plaintiff, )
)
v. )
)
FRONT NINE HOMES LLC and )
PAUL C. HOLLIS, )
)
Defendants. )

**ORDER ON PLAINTIFF'S
REQUEST FOR ENTRY OF
DEFAULT AND DEFAULT
JUDGMENT AGAINST
DEFENDANTS FRONT NINE
HOMES LLC AND PAUL C.
HOLLIS**

Before the Court is Plaintiff Coastal Realty Capital, LLC d/b/a Maine Capital

Group's ("CRC") separate Requests for Default and Default Judgment against

Defendants Front Nine Homes LLC ("Front Nine") and Paul C. Hollis. For the following

reasons, the Court denies CRC's request for entry of default and default judgment against

Mr. Hollis, grants the request for entry of default against Front Nine, and denies the

request for entry of default judgment against Front Nine.

## I.     Default and Default Judgment Standard

Maine Rule of Civil Procedure 55(a) provides: "When a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend as

provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk

shall enter the party's default." Pursuant to M.R. Civ. P. 55(b)(1), default judgment may

be entered by the clerk when the plaintiff's claim against a defendant is for a sum certain

and the defendant has been defaulted and has failed to appear. Otherwise, default

judgment may only be entered by the Court. M.R. Civ. P. 55(b)(2). The Court may

"conduct such hearings and order such references as it deems necessary and proper" to

determine the amount of damages. *Id.*

REC'D CUMB CLERKS OFC
SEP 26 '22 AM8:51

## II.	Discussion

### A.	Front Nine

The registered agent for Front Nine, Hylie A. West, was served with the Complaint and summons on February 8, 2022.[1] The return of service was filed on March 8, 2022. Front Nine has not yet filed an answer or otherwise appeared. Default should be entered against Front Nine because Front Nine has failed to plead or otherwise defend.

The Court is not, however, prepared to enter default judgment against Front Nine at this time. The Affidavit and Request for Default and Default Judgment states that CRC's claim is for a sum certain; namely, $297,064.01. While the exhibits attached to the Affidavit demonstrate Front Nine's obligation on the Commercial Note, they do not set out the amount of the debt outstanding. Nor does the Complaint reference any figure on which the $297,064.01 sum is based. Without speculating, the Court cannot determine from the pleadings and exhibits before it any "sum certain" due to CRC. *See Interstate Food Processing Corp. v. Pellerito Foods, Inc.,* 622 A.2d 1189, 1193 (Me. 1993) ("Documentation showing a debt of $33,932.59 does not render a claim for $12,967.84 a sum certain. Nor is Interstate's claim for a sum certain merely because it is for a specific dollar amount."). The Court requires a further evidentiary showing before default judgment may be granted against Front Nine.

### B.	Mr. Hollis

Although Mr. Hollis clearly has actual notice of the Complaint, no return of service was ever filed for Mr. Hollis. A defendant's duty to plead does not arise until that defendant is served. *See* M.R. Civ. P. 12(a) ("A defendant shall serve that defendant's answer within 20 days after the service of the summons and complaint upon that

---

[1] Attorney West has since notified the Court that she no longer serves as Front Nine's registered agent.

defendant . . . ."). The Court has no indication (aside from Mr. Hollis's apparent actual notice of the Complaint) that Mr. Hollis was ever served. If Mr. Hollis has not yet been served, then his time to answer the Complaint has not begun to run.

Moreover, Mr. Hollis has previously appeared through his former counsel, who filed a Nunc Pro Tunc Motion to Extend Deadline to Respond to Complaint on his behalf. Certainly, entry of default and default judgment against Mr. Hollis would be inappropriate under the circumstances.

## III. Conclusion

In conclusion, default should enter against Front Nine for failure to plead or otherwise defend, but default judgment is not appropriate without evidence of damages. Neither default nor default judgment will be entered against Mr. Hollis.

The entry is:

Plaintiff Coastal Realty Capital, LLC's Request for Entry of Default and Default Judgment against Defendant Front Nine Homes LLC is GRANTED IN PART AND DENIED IN PART. Default is entered against Front Nine Homes LLC, but default judgment will not be entered without an evidentiary showing of damages. Plaintiff's Request for Entry of Default and Default Judgment against Defendant Paul C. Hollis is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 9/23/2022

MaryGay Kennedy, Justice
Maine Superior Court

Page 3 of 3